FIRST NATIONAL BANK OF STUTTGART *v.* PEOPLE'S NATIONAL BANK.

Opinion delivered November 25, 1929.

480

*John L. Ingram,* for appellant.

*John W. Moncrief* and *A. G. Meehan,* for appellee.

HUMPHREYS, J. This is an appeal from a decree of the chancery court of Arkansas County, Northern District, awarding rents in the sum of $791.39 out of the proceeds of a rice crop grown and harvested in the year 1927 by George Carlson, on a farm in said county owned by his wife and himself, half and half, upon petition of appellant for a distribution of said rent in a foreclosure proceeding, wherein the appellee herein, People's National Bank, was plaintiff, and appellant herein and George and Ramona Carlson were defendants. Appellant's petition for a distribution of the rent was heard by the trial court upon an agreed statement of facts, in substance, as follows:

On January 16, 1925, George and Ramona Carlson borrowed $12,000 from the People's National Bank of Stuttgart, and secured same by a mortgage on the south half of section 17, township 3 south, range 4 west, in said county. They defaulted in payment of same at maturity, whereupon appellee herein instituted a foreclosure proceeding against the Carlsons, in which appellant herein, mortgagee of the 1927 rice crop grown on said land, was made a party defendant. The rice crop of 1927 had been planted after the foreclosure suit was instituted, and before or about the time the decree therein

was rendered. The foreclosure decree, rendered on the 6th day of June, 1927, recited that the sale of the land should not take place prior to September 14, 1927. It also recited: "that one-fifth of the rice grown on said land shall be treated as rent for the year 1927, and it, or the proceeds derived from the sale of it, shall be delivered to Floyd A. Wingo and A. G. Meehan, and, in the event the plaintiff (appellee herein) becomes the purchaser of this land at said foreclosure sale by the commissioner for debt, interest and costs, or less, then it shall be entitled to the rent above mentioned, and the above Floyd Wingo and A. G. Meehan shall pay over to the said plaintiff (appellee herein) the said amount received as rent for the year 1927; but, in the event some third party shall become the purchaser of said land for a sum in excess of the debt, interest and cost at the time of said sale, then the one-fifth rent from said land for the year 1927 shall be paid into the registry of the court, and distributed according to the priorities declared by the court; that said sale or foreclosure of said land shall not affect the lien of the mortgage in favor of the First National Bank of Stuttgart, Arkansas, upon four-fifths of the rice crop raised during the year 1927, but said mortgage shall be a lien upon said crop to said extent, and shall be superior to the rights of any parties hereto or superior to the rights of any purchaser at the sale hereunder, the mortgage referred to being one executed by George Carlson in favor of the First National Bank." On or about the 14th day of September, 1927, the land was sold under said decree, at which sale the appellee herein made a first bid of $10,000, and the defendant, George Carlson, made a second bid of the debt, interest and costs and one dollar, which became the purchasing bid. Immediately after the purchase the defendant, George Carlson, executed a bond with approved security to pay the amount he bid. The sale was not reported to and approved by the court. Ninety days after the sale the commissioner demanded the purchase money upon the sale from George Carlson,

which he was unable to pay, and from the bondsmen, who refused to pay same. Shortly thereafter said commissioner, at the instance and request of appellee herein, and without the former sale having been set aside, readvertised and again sold said land at public sale, at which the appellee here became the purchaser for its debt, interest and costs, including the costs of the first and prior sale. Defendant, George Carlson, was present at the sale, and made no protest of the resale by the commissioner. Neither Ramona Carlson nor the First National Bank, appellant herein, was present at the sale. The sale was reported to the court on the 5th day of March, 1928, and was approved and confirmed by the court without any objection on the part of the Carlsons or the appellant herein.

Appellant first contends for a reversal of the decree awarding the rents to appellee because the recital in the original foreclosure decree set out in full above was unwarranted by the pleadings, and without consideration. It is true that the complaint made no allegation concerning the rice crop which had been planted a short time before the rendition of the decree. At the time of the rendition of the decree appellant was the holder of a mortgage on the unmatured crop of rice. An immediate foreclosure and sale of the land would have prevented George Carlson from maturing the crop, and appellant from recovering anything on its mortgage. Neither the Carlsons nor appellant herein interposed any defense to the foreclosure proceeding. They were made parties, appeared, and approved a decree which the court rendered on June 6, 1927. It is apparent that the sale was postponed until September 14, 1927, in order that George Carlson might mature the crop, and the appellant receive something out of the crop to apply upon its crop mortgage. The decree, having been approved by all parties to the suit, was necessarily a consent decree, and a postponement of the sale was a sufficient consideration to support the recital in the decree.

Appellant next contends for a reversal of the decree awarding the rents to appellee because the first sale, at which George Carlson purchased, was never set aside, and for that reason the second sale, at which appellee purchased the property, was void. George Carlson and his bondsmen did not carry out the first sale, and he assented to the second sale by failing to enter a protest thereto. The second sale was reported to the court and confirmed without any objection or exception by either of the Carlsons or appellant. All rights of appellant and Carlson were waived by their acquiescence in the second sale.

The next and last contention of appellant for a reversal of the decree awarding the rents to appellee is that, under the bid of appellee at the second sale, its debt, interest and costs were satisfied, and that it had no right to the rents in addition thereto. Under the terms of the original decree, appellant agreed that, in case appellee should buy the property at the sale on bid of its debt, interest and costs, it should have, in addition thereto, one-fifth of the rice crop, designating said one-fifth as rent for same. Appellee became entitled to this by virtue of the extension granted to George Carlson, which enabled him to mature the crop, and which gave him further time to procure money with which to pay off the mortgage in case he should decide to do so. This extension redounded to the benefit of appellant, who was the mortgagee of the crop, because, without the extension, it would have received nothing under its mortgage out of the rice crop.

No error appearing, the decree is affirmed.